Eastern District of Kentucky
FILED

NOV 1 4 2008

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 08-97-HRW

PATRICIA JOHNSON,                                PLAINTIFF,

v.              MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for Supplemental Security Income Widow's disability benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for Supplemental Security Income Widow's disability benefits on July 2, 2004, alleging disability beginning on November 2, 2002, due to high blood pressure, acid reflux and pain resulting from ruptured disc (Tr. 60).

This application was denied initially and on reconsideration. On June 23, 2006, an administrative hearing was conducted by Administrative Law Judge James D. Kemper (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 299-316). At the hearing, Dean W. Owen, a vocational expert (hereinafter "VE"), also testified (Tr. 299-319).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On October 24,2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-24).

Plaintiff was 50 years old on the date of the alleged onset (Tr. 21). She has no past relevant work experience (Tr. 21).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 16).

The ALJ then determined, at Step 2, that Plaintiff suffered from chronic neck pain, which he found to be "severe" within the meaning of the Regulations (Tr. 16-18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18). In doing so, the ALJ specifically considered listing 1.00 (Tr. 18).

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform a range of medium level work with a limitation pertaining to overhead reaching (Tr. 18).

The ALJ finally concluded that such jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 21-22). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential

3

evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 18, 2008 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

4

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's sole contention on appeal is that the ALJ should have re-contacted her treating physician Dr. Francisco Riveria.

In his decision, the ALJ concluded that Dr. Riveria's opinion was "not consistent with the objective medical findings" (Tr. 21). Thus, the ALJ gave Dr. Riveria's opinion "little weight" (Tr. 21).

Plaintiff argues that the ALJ's finding of inconsistent triggered the duty to recontact Dr. Riveria.

The regulations provide that when the record is inadequate, the ALJ will recontact the appropriate medical source to determine whether the additional needed information is readily available. 20 C.F.R. §§ 404.912(e).

The Court finds that, in this case, ALJ was under no compulsion to re-contact Dr. Riveria. *See* 20 C.F.R. 404.1512(e). Indeed, the ALJ had a full record before him, which included records from treating sources, an examining physician and a consultative examiner. The Court finds no inadequacy in the record. Moreover, it is clear from his detailed decision that the ALJ carefully considered

5

the findings of various medical sources, treating and otherwise, and formulated the RFC based upon the same.

The Court notes that is the **inadequacy** of the record which triggers the obligation to re-contact the physician. However, here, it appears that Plaintiff's dissatisfaction with the ALJ's consideration of Dr. Riveria's opinion which is driving her claim of error. Yet, Dr. Riveria's limited notes are devoid of any objective findings ((Tr. 265-266). Nonetheless, Dr. Riveria provided statements in October 2004 and January 2005 in which he outlined severe physical limitations and opined that Plaintiff was unable to work (Tr. 264, 292-295).

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). Here, Dr. Riveria's opinion is not supported by sufficient data.

The Court finds no error in the ALJ's assessment of the evidence. To the contrary, his decision appears to be based upon substantial evidence on the record as a whole.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 15, 2008.

**Signed By:**
*Henry R Wilhoit Jr.*
**United States District Judge**

7